IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| DAVID HARRIS,<br>　　　　*Plaintiff*,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>SPECIALIZED LOAN SERVICING, and<br>NEWREZ MORTGAGE LLC DBA<br>SHELLPOINT MORTGAGE<br>SERVICING,<br>　　　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:24-cv-46 |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441,1446 and 1453, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby removes this action from the 35th Judicial District Court of Brown County, Texas, to the United States District Court for the Northern District of Texas, San Angelo Division, and as grounds for removal states as follows:

### STATE COURT ACTION

1. On May 21, 2024, Plaintiff David Harris ("Plaintiff") filed his Original Petition and Application for Temporary Restraining Order in the 35th Judicial District Court of Brown County, Texas, styled *David Harris v. Wells Fargo Bank, N.A., Specialized Loan Servicing, and Newrez Mortgage LLC dba Shellpoint Mortgage Servicing*, Case No. CV2405156 (the "State Court Action").

2. Plaintiff currently has a purchase money mortgage with Defendant Newrez Mortgage LLC dba Shellpoint Mortgage Servicing ("Newrez") for his property located at 607 Coggin Avenue, Brownwood, Brown County, Texas (the "Property"). Plaintiff alleges that

Defendant Specialized Loan Servicing ("SLS") (a pre-merger loan servicer)[1] unlawfully (1) increased Plaintiff's monthly mortgage loan payments, (2) attempted to coerce Plaintiff into a longer loan term, (3) rejected Plaintiff's payment attempts, and (4) initiated foreclosure activity. *See* Pet., ¶ 14-15.

3.  Premised on these allegations, Plaintiff asserts claims against SLS and Newrez for anticipatory breach of contract and also seeks injunctive relief and restitution to obtain an order that (1) prevents SLS (now, Newrez) from foreclosing on the Property and (2) determines the proper monthly payment amount to be paid by Plaintiff. *See* Pet., ¶ ¶ 23-29.

### PROCEDURAL REQUIREMENT

4.  This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(a)(1), 1441, 1446(a).

5.  This removal is timely because it is being filed within thirty days of Wells Fargo being served or otherwise making an appearance in the State Court Action, as service of process on Wells Fargo did not occur until June 11, 2024. 28 U.S.C. § 1446(b).

6.  Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet and Supplemental Cover Sheet |
| **Exhibit C** | State Court Docket Sheet |
| **Exhibit C-1** | Plaintiff's Original Petition and Application for Temporary Restraining Order |
| **Exhibit C-2** | Request for Citation |

---

[1] On May 1, 2024, SLS merged with Newrez after Rithm Capital Corp. (Newrez's parent company) acquired SLS. As of May 1, 2024, SLS ceased to exist and Newrez is the current servicer of the Loan at issue. *See* Pet., ¶ 16; **Ex. D**.

2

  **Exhibit C-3**  Motion to Extend TRO and Proposed Order

  **Exhibit C-4**  Second Motion to Extend TRO and Proposed Order

  **Exhibit C-5**  Notice of Removal filed in State Court Action

  **Exhibit D**  Form 8-K filed by Rithm Capital Corp.

  **Exhibit E**  Brown County Appraisal Tax Record

7. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo is (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 35th Judicial District Court of Brown County, Texas, simultaneously with the filing of this Notice of Removal.

8. The United States District Court for the Northern District of Texas, San Angelo Division has original jurisdiction over this action based on diversity jurisdiction because Wells Fargo is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

### III. <u>DIVERSITY JURISDICTION</u>

9. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Wells Fargo or any other Defendant. As shown below, the amount in controversy requirement is also satisfied.

**A. Diversity of Citizenship**

10. Plaintiff is a natural person so his citizenship for diversity purposes is determined by "where [he is] domiciled, that is, where [he has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Brown County, Texas. *See* Pet., ¶ 2. Thus, Plaintiff is a citizen of Texas.

11. Wells Fargo is a national banking association. Accordingly, its citizenship is determined solely by the location of its main office, as designated in its articles of association. See 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Wells Fargo's main office is located in South Dakota. Therefore, it is a citizen of South Dakota for diversity purposes. *See* U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 318.

12. As noted above, SLS and Newrez have merged to form one company (Newrez). *See* Pet., ¶ 16. Although Plaintiff names both SLS and Newrez as separate defendants, they are the same entity. *See* **Ex. D**. Newrez is a wholly owned subsidiary of Rithm Capital Corp., which is a New York corporation with its principal place of business in New York. Therefore, Newrez is a citizen of New York.

13. Because Plaintiff and all Defendants are citizens of different states, there is complete diversity in this case.

**B.     Amount in Controversy**

14. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

15. The Court may consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7.

16.     "In actions seeking declaratory *or* injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id*. (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg.*, LLC, 541 F. App'x 340, No. 12-10623, 2013 WL 3929935, at *2 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims). Where a plaintiff files suit specifically seeking to enjoin the foreclosure of real property, the amount in controversy is the "current appraised fair market value of the [p]roperty" itself because "absent judicial relief [the plaintiff] could be divested of all right, title and interest to the property." *Berry*, 2009 WL 2868224 at *3.

17.     Here, the amount at issue exceeds $75,000, exclusive of interest and costs. Plaintiff (1) asserts that SLS/Newrez anticipatorily breached its Loan Agreement with Plaintiff, (2) seeks injunctive relief to prevent foreclosure on the Property and cease collection activities, and (3) requests a determination of the proper monthly payment amount to be paid by Plaintiff. *See* Pet., ¶¶ 8-15. By asserting his claim and including his request for injunctive relief regarding his

property rights (and seemingly declaratory relief regarding the proper payment amount), Plaintiff has put the Property and its value squarely at issue. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *see also Nationstar Mortg. LLC*, 351 F. App. at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547-48; *Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App. 340, 342 (5th Cir. 2013). According to the Brown County Appraisal District, the tax assessed value of the Property is $125,810. *See* **Exhibit E**[2] Thus, the amount in controversy is sufficient for removal.

18.   Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

WHEREFORE, Defendant removes this action from the 35th District Court of Brown County, Texas, to the United States District Court for the Northern District of Texas, San Angelo Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the Brown County Appraisal District tax record for the Property. Wells Fargo does not contend that this particular appraisal constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount-in-controversy requirement is satisfied.

          Respectfully submitted,

          /s/ *Christopher G. Garcia*
          B. David L. Foster
          State Bar No. 24031555
          Christopher G. Garcia
          State Bar No. 24120840
          LOCKE LORD LLP
          300 Colorado Street, Suite 2100
          Austin, Texas 78701
          (512) 305-4700
          (512) 305-4800 (Facsimile)
          dfoster@lockelord.com
          chris.garcia@lockelord.com

          Robert T. Mowrey
          Texas Bar No. 14607500
          rmowrey@lockelord.com
          LOCKE LORD LLP
          2200 Ross Avenue, Suite 2800
          Dallas, Texas 75201
          (214) 740-8000 (Telephone)
          (214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on this the 26th day of June, 2024, as indicated below to the following:

**VIA ECF, EMAIL AND U.S. MAIL**
Tommy Adams
600 N. Fisk Street
Brownwood, Texas 76801
tommy.adamslaw@gmail.com
*Attorney for Plaintiff*

          /s/ *Christopher G. Garcia*
          Counsel for Defendant

137760567v.1 1800000/32815